■ ERETZ FUNDING, LTD., et al., Respondents, v SHALOSH ASSOCIATES et al., Appellants. [697 NYS2d 335] —In an action to re-

cover on a mortgage note, the defendants appeal (1) from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 1, 1998, which denied their motion to vacate a judgment of the same court entered January 16, 1998, upon their default in opposing the plaintiffs' motion for summary judgment, and (2), as limited by their brief, from so much of an order of the same court, dated October 23, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 1, 1998, is dismissed, as that order was superseded by the order dated October 23, 1998, made upon reargument; and it is further,

Ordered that the order dated October 23, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

A party seeking to be relieved of its default must establish both a reasonable excuse for the default and a meritorious defense (see, CPLR 5015 [a] [1]; *Fennell v Mason,* 204 AD2d 599). Under the circumstances of this case, the court did not improvidently exercise its discretion in rejecting the defendants' vague and unsubstantiated excuse of law office failure (see, *Rosado v Economy El. Co.,* 236 AD2d 598; *Correa v Ahn,* 205 AD2d 575). The defendants were aware that the plaintiffs obtained a default judgment against them and took no steps to vacate the default until the plaintiffs obtained a restraining order freezing a bank account. Such conduct constituted an intentional default, which is not excusable (see, *Roussodimou v Zafiriadis,* 238 AD2d 568; *Perellie v Crimson's Rest.,* 108 AD2d 903). Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.