■ WYCKOFF HEIGHTS MEDICAL CENTER, as Assignee of CRISTINO MORONTA, Appellant, v MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, Respondent. [769 NYS2d 380]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated January 3, 2003, as granted the defendant's cross motion to vacate (1) an order of the same court dated May 14, 2002, granting the plaintiff's motion for summary judgment upon the defendant's failure to oppose the motion, and (2) a judgment of the same court entered June 21, 2002, upon the order.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the cross motion is denied, and the order dated May 14, 2002, and the judgment entered June 21, 2002, are reinstated.

A party seeking to be relieved of its default must establish both a reasonable excuse and a meritorious defense (*see* CPLR 5015; *Eretz Funding v Shalosh Assoc.,* 266 AD2d 184, 185 [1999]). In this case, the defendant was aware that the plaintiff obtained a default judgment against it and took no steps to vacate the default until the plaintiff moved to hold the defendant in contempt of court for failing to comply with an information subpoena designed to enforce the judgment. Such conduct constituted an intentional default, which was not excusable (*see Eretz Funding v Shalosh Assoc., supra; Roussodimou v Zafiriadis,* 238 AD2d 568, 568-569 [1997]). Therefore, the defendant's motion to vacate its default should have been denied. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.