■ JOHN DESIDERIO, Appellant-Respondent, v PETER DEVANI, Defendant, and SUNIL PARIKH, Respondent-Appellant. [806 NYS2d 240]—

In an action, inter alia, to recover on a promissory note and personal guaranty brought by summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 3, 2005, as granted the motion of the defendant Sunil Parikh to vacate so much of a judgment of

the same court dated October 21, 2004, as, upon his failure to appear or answer the complaint and after an inquest on the issue of damages, is in favor of him and against the defendant Sunil Parikh in the sum of $76,143.97, and, in effect, denied that branch of his separate motion which was for an award of additional costs and an attorney's fee pursuant to the promissory note in connection with the enforcement of the judgment as against the defendant Sunil Parikh, and the defendant Sunil Parikh cross-appeals from so much of the same order as directed that the judgment dated October 21, 2004, stand as security pending the disposition of the action.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Sunil Parikh is denied, that branch of the plaintiff's motion which was for an award of additional costs and an attorney's fee as against the defendant Sunil Parikh is granted, so much of the judgment as is in favor of the plaintiff and against the defendant Sunil Parikh in the sum of $76,143.97 is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the additional costs and an attorney's fee to which the plaintiff is entitled.

To prevail on his motion to vacate his default, the defendant Sunil Parikh was required to demonstrate both a reasonable excuse for the default and a meritorious defense to the claim asserted against him (*see* CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Harper v Edwards*, 301 AD2d 627 [2003]; *Correa v Tscherne*, 296 AD2d 476 [2002]). Parikh's bare allegations of neglect by his prior counsel, bereft of detail and corroboration, were insufficient to establish a reasonable excuse (*see Solomon v Ramlall*, 18 AD3d 461 [2005]; *Abrams v City of New York*, 13 AD3d 566, 566-567 [2004]; *Beale v Yepes*, 309 AD2d 886 [2003]). Although Parikh was aware for a substantial period of time that the plaintiff had been awarded a default judgment against him, he took no steps to vacate the default until the plaintiff served him with a restraining notice and an information subpoena designed to enforce the judgment. Such conduct evidences an intentional default, which was not excusable (*see Wyckoff Hgts. Med. Ctr. v Merchants Ins. Co. of N.H.*, 2 AD3d 841 [2003]; *Eretz Funding v Shalosh Assoc.*, 266 AD2d 184, 185 [1999]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 568-569 [1997]). Accordingly, Parikh's motion to vacate his default should have been denied.

The Supreme Court erred in denying that branch of the plaintiff's separate motion which was for an award of additional

costs and an attorney's fee against Parikh. Parikh's liability to the plaintiff arises from his guaranty of the obligations of the defendant Peter Devani under a promissory note. The promissory note provided that "[i]n the event any action or proceeding is commenced with respect to the enforcement of this Note, Payor agrees to pay reasonable attorneys' fees plus the costs and disbursements thereof." The terms of the guaranty provided that Parikh "guarantees the payment of all sums due under the terms of the Promissory Note." Where the guaranty is drawn in such broad language, the guarantor is liable, upon the obligor's default, to the same extent as the obligor (*see Pollina v Blatt*, 262 AD2d 384, 385 [1999]; *Anderson Credit & Leasing Corp. v McEvoy*, 236 AD2d 569 [1997]; *see also* Restatement [Third] of Suretyship & Guaranty § 15) and, therefore, is liable for a reasonable attorney's fee and costs incurred with respect to the proceedings commenced to enforce the obligations under the note.

Because the Supreme Court did not reach the issue of the amount of Parikh's obligation in that regard, the matter must be remitted for such a determination. The amount of an attorney's fee and costs awarded against the obligors is not a valid measure of that obligation since, in making that determination, the Supreme Court expressly excluded the fees and costs incurred by the plaintiff in connection with the enforcement of the judgment against Parikh.

Parikh did not comply with the decision and order on motion of this Court dated July 8, 2005, as amended by decision and order on motion of this Court dated September 9, 2005, granting the plaintiff's motion to dismiss the cross appeal unless Parikh paid his share of the joint record on appeal and filed proof of payment with the Clerk of this Court by September 29, 2005. Accordingly, we dismiss the cross appeal. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.