■ CAROL SAWCHUK, Respondent-Appellant, v 335 REALTY 58 ASSOCIATES et al., Appellants, and MARIN MANAGEMENT CORP., Respondent, et al., Defendants. (And a Third-Party Action.) [843 NYS2d 616]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about November 3, 2006, which, insofar as appealed from as limited by the briefs, granted summary judgment in favor of defendant building management company, and denied summary judgment motion in favor of defendant building owner, a partnership, and defendant general partners of the owner, unanimously affirmed, without costs.

An issue of fact exists whether the partnership and its general partners had constructive notice of the unsafe hot water condition described by plaintiff's expert. That issue is raised by evidence that (1) one of the partners resided in the building, (2) he acted as its superintendent for nine years, performed maintenance on the boiler, and that a tag on the boiler warned against using the attached mixing valve for domestic applications. Whether plaintiff's inebriation was so extraordinary under the circumstances as to constitute a superseding act is a question of fact for the jury (cf. *Williams v Jeffmar Mgt. Corp.*, 31 AD3d 344, 345-346 [2006], *lv denied* 7 NY3d 718 [2006]; *Parker v New York City Hous. Auth.*, 203 AD2d 345 [1994]). The alleged knowledge of the partner who acted as the superintendent, while imputable to the other partners, cannot be imputed to defendant management company, although it is wholly owned by another partner. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Marlow, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.