The motion court erred in denying that part of defendants’ motion to vacate the self-executing preclusion order (see generally Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). The *451 record shows that defendants provided a reasonable excuse for their default and subsequent 45-day delay in complying with the order, as the handling attorney in a two-partner firm had been stricken with a serious illness. Defendants also demonstrated a meritorious defense to the action by presenting evidence that plaintiff remained in the shower in defendants’ building despite knowing that the water was too hot.
However, the court correctly found that triable issues of fact exist as to whether defendants negligently failed to maintain the mixer on the building’s boiler in a reasonably safe condition, and had notice of excessively hot water in the premises (see Simmons v Sacchetti, 15 NY3d 797 [2010]; Sawchuk v 335 Realty 58 Assoc., 44 AD3d 532 [1st Dept 2007]). There is also a triable issue as to whether plaintiffs conduct of remaining in the shower to shave, with the water pointed away, when he knew the water to be overly hot, and becoming burned when he fainted from an unrelated illness, constituted a superseding cause of his injuries (see Simmons at 798; Sawchuk at 532). Concur — Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.