■ CHRISTOPHER VARDAROS et al., Respondents, v JOHN ZAPAS, Appellant. [963 NYS2d 408]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property and to recover damages for unjust enrichment, the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered April 24, 2012, which denied his motion pursuant to CPLR 5015

(a) (1) to vacate a judgment of the same court entered July 8, 2011, which, upon an order of the same court entered June 15, 2011, striking his answer upon his default in appearing at the trial, is in favor of the plaintiffs and against him in the principal sum of $655,276.58.

Ordered that the order entered April 24, 2012, is affirmed, with costs.

To vacate his default in appearing at the trial, the defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Walker v Mohammed*, 90 AD3d 1034 [2011]; *Casali v Cyran*, 84 AD3d 711 [2011]). While the court has discretion to accept law-office failure as a reasonable excuse, "a pattern of willful default and neglect should not be excused" (*Bazoyah v Herschitz*, 79 AD3d 1081, 1081 [2010] [internal quotation marks omitted]; *see Pollock v Meltzer*, 78 AD3d 677 [2010]; *Campbell-Jarvis v Alves*, 68 AD3d 701 [2009]; *Roussodimou v Zafiriadis*, 238 AD2d 568 [1997]). The defendant's repeated failure to appear ready on the scheduled trial dates, and his failure to appear on the final adjourned trial date even though he had been warned that no further adjournments would be granted, demonstrates a pattern of willful default and neglect, which cannot be excused by his bare allegation of law-office failure on the part of his prior attorney (*see Bazoyah v Herschitz*, 79 AD3d at 1082; *Kolajo v City of New York*, 248 AD2d 512 [1998]). The defendant's further bare allegations of neglect by his prior attorney were insufficient to justify the more-than-seven-month delay in moving to vacate the default judgment (*see Heidari v First Advance Funding Corp.*, 55 AD3d 669, 670 [2008]; *Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007]; *Canty v Gregory*, 37 AD3d 508, 509 [2007]). Furthermore, the defendant was aware for a substantial period of time that the plaintiffs had been awarded a default judgment against him, but he took no steps to vacate the judgment until the plaintiffs moved to hold him in contempt of court for failing to comply with an information subpoena designed to enforce the judgment. Such conduct evidences an intentional default, which is not excusable (*see Desiderio v Devani*, 24 AD3d 495, 496 [2005]; *Wyckoff Hgts. Med. Ctr. v Merchants Ins. Co. of N.H.*, 2 AD3d 841 [2003]; *Eretz Funding v Shalosh Assoc.*, 266 AD2d 184, 185 [1999]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant demonstrated the existence of a potentially meritorious defense (*see Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732 [2011]; *O'Donnell v Frangakis*, 76 AD3d 999 [2010]; *Abdul v Hirschfield*, 71 AD3d 707, 708-709 [2010]).

We have not considered the affidavit of the defendant's prior attorney that was improperly submitted for the first time with the defendant's reply papers (*see Sawyers v Troisi*, 95 AD3d 1293, 1294 [2012]; *Mattern v Hornell Brewing Co., Inc.*, 84 AD3d 1323, 1325 [2011]; *Encarnacion v Smith*, 70 AD3d 628, 629 [2010]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.