In an action to recover on a promissory note, the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated March 23, 2012, which denied their motion to vacate an order of the same court dated October 11, 2011, granting the plaintiff’s unopposed motion for leave to enter judgment against the defendants in the principal sum of $78,133.33, upon their default in appearing or answering.
Ordered that the order dated March 23, 2012, is affirmed, with costs.
The Supreme Court properly denied that branch of the defendants’ motion which was pursuant to CPLR 5015 (a) (1) to vacate an order dated October 11, 2011, granting the plaintiffs unopposed motion for leave to enter a default judgment. To vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1), a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 989-990 [2013]; Bontempts v Aude Constr. Corp., 98 AD3d 1071, 1072 [2012]; US Bank N.A. v Stewart, 97 AD3d 740 [2012]). The defendants failed to demonstrate a reasonable excuse for the default in answering the amended complaint. The defendants, who were represented by the principal attorney of the defendant Cean Owens, LLC, offered only the principal attorney’s affirmation in support of her claim that she was suffering from a medical condition which required surgery during the time within which the defendants had to answer, without any proof to substantiate her allegations (see CPLR 2106; Law Offs. of Neal D. Frishberg v Toman, 105 AD3d 712, 713 [2013]; Dayan v Darche, 96 AD3d 708 [2012]; Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc., 83 AD3d 645, 646 [2011]; Mattera v Capric, 54 AD3d 827, 828 [2008]). Furthermore, the vague, conclusory, and unsubstantiated excuse of law office failure proffered by a calendar clerk of the law firm was insufficient (see CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d at 990; Cantor v Flores, 94 AD3d 936 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789 [2011]). Moreover, the defendants’ attempts to settle the action after the return date of the plaintiff’s motion for leave to enter a default judgment did not constitute *873 a reasonable excuse for the defaults in answering or opposing the motion (see Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 931 [2011]; Kouzios v Dery, 57 AD3d 949, 950 [2008]; Antoine v Bee, 26 AD3d 306, 306 [2006]; Majestic Clothing Inc. v East Coast Stor, LLC, 18 AD3d 516, 518 [2005]).
In addition, the defendants failed to demonstrate a potentially meritorious defense. The principal attorney’s affidavit, which contained only conclusory assertions without any evidentiary support, was insufficient to establish a potentially meritorious defense to the action (see Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041 [2011]; Kolajo v City of New York, 248 AD2d 512, 513 [1998]; Lener v Club Med, 168 AD2d 433, 435 [1990]).
The defendants’ remaining contentions are without merit.
The Supreme Court therefore properly denied the defendants’ motion to vacate the order granting the plaintiffs unopposed motion for leave to enter a default judgment. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.