In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Fiduciary Insurance Company of America appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated July 24, 2012, as denied its motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated August 8, 2011, which was entered upon its default in answering or appearing and was in favor of the petitioner and against it in the principal sum of $22,987.51, and, thereupon, to release funds held on levy.
Ordered that the order is affirmed insofar as appealed from, with costs.
Liberty Mutual Insurance Company (hereinafter Liberty Mutual) commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award it obtained against Fiduciary Insurance Company of America (hereinafter FICA), which did not appear for the arbitration. Upon FICA’s failure to oppose the petition, and to appear in court on the adjourned return date, despite awareness of the appearance date, judgment was entered against FICA in the principal sum of the arbitration award, plus costs and disbursements. Almost 10 months later, after a levy was placed upon its assets, FICA moved, inter alia, pursuant to CPLR 5015 (a) (1) to vacate the judgment entered upon its default. The Supreme Court denied the motion.
*732 To obtain relief from its default pursuant CPLR 5015 (a) (1), FICA was required to show both a reasonable excuse for the default and a potentially meritorious defense to the petition (see Needleman v Tornheim, 106 AD3d 707, 708 [2013]; Walker v Mohammed, 90 AD3d 1034 [2011]). While FICA offered an excuse for its failure to appear for the arbitration — i.e., its belief that the matter had settled — it did not proffer any excuse for its failure, after having learned that Liberty Mutual obtained a favorable arbitration award against it, to oppose the petition to confirm the award and to appear in court on the petition (see Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941 [2012]; Bethune v Prioleau, 82 AD3d 810, 810-811 [2011]). Nor did FICA explain why it waited almost 10 months, until a levy was placed on its assets, to make the instant motion (see Vardaros v Zapas, 105 AD3d 1037, 1038 [2013]; Desiderio v Devani, 24 AD3d 495, 496 [2005]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether FICA demonstrated the existence of a potentially meritorious defense to the petition (see Vardaros v Zapas, 105 AD3d at 1038; Maida v Lessing’s Rest. Servs., Inc., 80 AD3d 732 [2011]).
Accordingly, the Supreme Court providently exercised its discretion in denying FICA’s motion. Skelos, J.P, Balkin, Lott and Hinds-Radix, JJ., concur.