Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 30, 2013, which denied defendant New York City Housing Authority’s (NYCHA) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
NYCHA met its initial burden of establishing entitlement to judgment as a matter of law in this action where plaintiff sustained second- and third-degree burns to 13% of his body due to hot water emanating from the showerhead in the bathroom of his apartment in a building owned by NYCHA. NYCHA showed that it did not violate any duty owed to plaintiff by submitting evidence that its hot-water system and water temperature were regularly inspected, and that the temperature readings were at 120-130 degrees on the evening prior to and 30 minutes after the incident, in compliance with Administrative Code of City of NY § 27-2031 (see Williams v Jeffmar Mgt. Corp., 31 AD3d 344, 346-347 [1st Dept 2006], lv denied 7 NY3d 718 [2006]). NYCHA also established the absence of notice by submitting the affidavit of its superintendent stating that he found no work tickets concerning complaints of erratic or excessively hot water in the building during the year before the accident.
In opposition, plaintiff raised triable issues of fact as to whether NYCHA breached its duty of care. Plaintiff s testimony, as well as the testimony and written statement of two other tenants, showed that the water temperature would rise on its own and that the water would become excessively hot. Plaintiff testified that he had measured the hot water temperature approximately one year before the incident, and found it to be 140 or 150 degrees. Moreover, triable issues as to notice were raised by the statements of other tenants that they had complained to NYCHA and its employees about the hot water and erratic temperature conditions before the incident (see Carlos v 395 E. *629 151st St., LLC, 41 AD3d 193, 196 [1st Dept 2007]; Shkolnik v Longo, 63 AD3d 819, 820 [2d Dept 2009]).
Any discrepancies between plaintiffs General Municipal Law § 50-h and deposition testimony, and his deposition testimony and errata sheet, merely raise credibility issues for the jury to decide (see Binh v Bagland USA, 286 AD2d 613 [1st Dept 2001]). Similarly, the conflict between one of the tenant’s written statement and her subsequent affidavit recanting that statement also raises a credibility issue for the jury (see Romero v Twin Parks Southeast Houses, Inc., 70 AD3d 484, 485 [1st Dept 2010]).
Furthermore, the record presents a triable issue as to whether plaintiffs loss of consciousness while showering was a superseding cause of his injuries (see e.g. Eaderesto v 22 Leroy Owners Corp., 101 AD3d 450 [1st Dept 2012]; Delaney v First Concourse Mgt Co., 275 AD2d 233 [1st Dept 2000]).
Concur—Sweeny, J.E, Acosta, Renwick, Andrias and Freedman, JJ.