*740 In an action to recover damages for breach of contract and for an accounting, the plaintiffs appeal from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered March 12, 2013, which granted the defendants’ motion (a) pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court (Colabella, J.), dated April 12, 2012, entered upon the defendants’ failure to answer or appear, (b) in effect, to vacate so much of an order of the same court dated January 29, 2013, as granted that branch of their unopposed motion which was to hold the defendant Ronald Caposella in contempt of court, and (c) for leave to serve a late answer.
Ordered that the order entered March 12, 2013, is reversed, on the facts and in the exercise of discretion, with costs, and the defendants’ motion (a) to vacate the judgment dated April 12, 2012, (b) in effect, to vacate so much of the order dated January 29, 2013, as granted that branch of the plaintiffs’ unopposed motion which was to hold the defendant Ronald Caposella in contempt of court, and (c) for leave to serve a late answer, is denied.
A defendant seeking to vacate a judgment entered upon his or her default in appearing or answering the complaint and for leave to serve a late answer must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Chase Home Fin., LLC v Minott, 115 AD3d 634 [2014]; Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695, 696 [2011]; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677 [2010]). Here, the defendants failed to demonstrate a reasonable excuse for their default in appearing or answering the complaint. The affirmation of the defendants’ former attorney, which alleged that he had undergone three surgeries over a period of approximately 16 months after the defendants retained his law firm, was insufficient, since it failed to include any medical proof to substantiate the allegations (see Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872 [2013]; Dayan v Darche, 96 AD3d 708 [2012]; Mattera v Capric, 54 AD3d 827, 828 [2008]; Borgia v Interboro Gen. Hosp., 90 AD2d 531 [1982], affd 59 NY2d 802 [1983]). Furthermore, former counsel’s mistaken belief that he did not need to answer the complaint on behalf of the defendants because he was attempting to settle the action did not constitute a reasonable excuse (see Turko v Daffy’s, Inc, 111 AD3d 615, 616 [2013]; Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d at 872; Karalis v New Dimensions HR, *741 Inc., 105 AD3d 707, 708 [2013]; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784, 785 [2011]).
The defendants’ further contentions that they did not know that they were in default in appearing or answering the complaint, and that they had relied upon the representations of their former counsel, do not constitute a reasonable excuse under the circumstances of this case. The plaintiffs established that, on May 12, 2012, they served the defendant Ronald Caposella, the president of the defendant corporations, with a copy of the default judgment, along with a subpoena duces tecum and a notice pursuant to CPLR 5104 to hold him in contempt of court if he did not comply with the default judgment. Caposella admitted that he received the subpoena and the notice to hold him in contempt, but claimed that he did not ascertain the presence of the default judgment attached to the legal papers. Caposella’s assertion that he had failed to comprehend that he was in default was insufficient to excuse the nine-month delay between the time that he received notice of the default judgment and the time that he moved to vacate the default (see Chase Home Fin., LLC v Minott, 115 AD3d 634 [2014]; Stevens v Charles, 102 AD3d 763, 764 [2013]; U.S. Bank N.A. v Slavinski, 78 AD3d 1167 [2010]; Dorrer v Berry, 37 AD3d 519, 520 [2007]). Moreover, Caposella was on notice for a substantial period of time that the plaintiffs had been awarded a default judgment against the defendants, but he took no steps to vacate the judgment until after the plaintiffs had obtained an order holding him in contempt of court for failing to comply with the subpoena and after the plaintiffs had served a subpoena duces tecum upon a nonparty corporation for the purpose of enforcing the judgment. Such conduct evinces an intentional default, which is not excusable (see Vardaros v Zapas, 105 AD3d 1037, 1038 [2013]; Desiderio v Devani, 24 AD3d 495, 496 [2005]; Wyckoff Hgts. Med. Ctr. v Merchants Ins. Co. of N.H., 2 AD3d 841 [2003]; Eretz Funding v Shalosh Assoc., 266 AD2d 184, 185 [1999]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendants demonstrated the existence of a potentially meritorious defense to the action (see Vardaros v Zapas, 105 AD3d at 1038; Maida v Lessing’s Rest. Servs., Inc., 80 AD3d 732 [2011]; O’Donnell v Frangakis, 76 AD3d 999 [2010]). Accordingly, those branches of the defendants’ motion which were to vacate the default judgment dated April 12, 2012, and for leave to serve a late answer should have been denied.
Moreover, the defendants failed to demonstrate a reasonable excuse for their default in opposing the plaintiffs’ motion (see *742 Schenk v Staten Is. Univ. Hosp., 108 AD3d 661 [2013]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 813 [2012]). Accordingly, that branch of the defendants’ motion which was to vacate so much of the order dated January 29, 2013, as granted that branch of the plaintiffs’ motion which was to hold Caposella in contempt of court should have been denied.
Skelos, J.E, Leventhal, Cohen, LaSalle and Barros, JJ., concur.