*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    517736
_____

ERIC WILLIS,

                    Appellant,

        v                                        MEMORANDUM AND ORDER

KEELER MOTOR CAR COMPANY,
                    Respondent.
_____


Calendar Date:  September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                    _____


        David A. Swyer, Albany, for appellant.

        Towne, Ryan & Partners, PC, Albany (John F. Moore of
counsel), for respondent.

                    _____


Peters, P.J.

        Appeal from an order of the Supreme Court (McNamara, J.),
entered December 14, 2012 in Albany County, which denied
plaintiff's motion to vacate a prior order of the court.

        Plaintiff commenced this negligence action in May 2010 to
recover for the damages sustained to his vehicle while it was
parked in defendant's lot.  Defendant answered and served initial
discovery requests, to which plaintiff responded.  Based upon
those responses, defendant requested further disclosure.  Despite
multiple good faith letters by defense counsel, numerous
extensions and several judicial intervention conferences over the
course of the ensuing two years, plaintiff failed to respond.
Ultimately, the parties stipulated to a conditional order of
dismissal, issued on July 21, 2012, which provided that the
complaint would be stricken and the action dismissed if plaintiff

did not provide the outstanding discovery responses within 30 days from the date of the order's issuance. When plaintiff failed to do so, Supreme Court dismissed the complaint with prejudice. Plaintiff's motion to vacate the order of dismissal was denied by Supreme Court. Plaintiff appeals, and we affirm.

Court-ordered time frames are requirements that must be taken seriously by the parties, as "[t]he failure to comply with deadlines not only impairs the efficient functioning of the courts and the adjudication of claims, but . . . breeds disrespect for the dictates of the Civil Practice Law and Rules and a culture in which cases can linger for years without resolution" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81 [2010]; see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726-727 [2004]; Brill v City of New York, 2 NY3d 648, 652 [2004]; Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). Here, the conditional order of dismissal was self-executing, and plaintiff's failure to produce the requested items on or before the specified date rendered the order "absolute" (Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008] [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d at 83; Hesse Constr., LLC v Fisher, 61 AD3d 1143, 1144 [2009]).[1] To be relieved from the consequences of the conditional order, plaintiff was required to demonstrate a reasonable excuse for the failure to produce the requested items and a meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d at 80; Burton v Matteliano, 98 AD3d 1248, 1250 [2012]; Cochran v Cayuga Med. Ctr. At Ithaca, 90 AD3d 1227, 1227 [2011]).

In seeking to vacate the default, plaintiff's counsel submitted an affirmation explaining that the requested responses were late because a paralegal from his law office inadvertently calendered the wrong deadline date for compliance with the conditional order. While the conditional order does contain an

---

[1] It is therefore irrelevant whether plaintiff's failure to comply with the conditional order was willful or contumacious (see Gibbs v St. Barnabas Hosp., 16 NY3d at 82; Casas v Consolidated Edison Co. of N.Y., Inc., 116 AD3d 648, 648 [2014]; Legarreta v Neal, 108 AD3d 1067, 1070 [2013]).

obvious typographical error,[2] it nonetheless states in no uncertain terms that the action would be dismissed if plaintiff did not comply with the discovery requests within 30 days of the July 12, 2012 date of the order. Notably, the conditional order was reviewed and signed by plaintiff's counsel prior to its issuance, such that he was well aware of the deadline for compliance. Moreover, counsel for defendant sent a letter to plaintiff's attorney four days after the execution of the conditional order specifically reminding him that, pursuant to its terms, the outstanding discovery was due by August 12, 2012. Under these circumstances, and in light of plaintiff's long pattern of dilatory practices and failure to comply with court orders, we decline to disturb Supreme Court's finding that plaintiff's excuse of law office error was not justifiable (see Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1099 [2013]; Vardaros v Zapas, 105 AD3d 1037, 1038 [2013]; Bazoyah v Herschitz, 79 AD3d 1081, 1081-1082 [2010]; Burlew-Watkins v Wood, 225 AD2d 973, 974 [1996]).

In further support of the motion, plaintiff's attorney also claimed that he was beset by significant health problems over the course of the prior year. Although an attorney's illness may, under certain circumstances, constitute a reasonable excuse for a party's default (see Goldstein v Meadows Redevelopment Co Owners Corp. I, 46 AD3d 509, 510 [2007]; Rios v Skaters World Roller Rink, 246 AD2d 882, 883 [1998]), such is not the case here. Not only did counsel fail to provide any documentation substantiating his allegations (see Dimopoulos v Caposella, 118 AD3d 739, 741 [2014]; Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 872 [2013]; Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc., 83 AD3d 645, 646 [2011]), but his alleged period of disability ended — and he returned to work — several months before he voluntarily stipulated to the conditional order and, thereafter, failed to comply with its terms (see Borgia v Interboro Gen. Hosp., 59 NY2d 802, 803 [1983]; Ramos v Stern, 100

---

[2] Such order states that a specified discovery schedule would go into effect in the event that plaintiff served the outstanding responses by "October 8, 2010" — a date nearly two years prior to the July 12, 2012 date of the order.

AD3d 409, 410 [2012]; <u>Anderson v Doten</u>, 187 AD2d 893, 894 [1992]; <u>compare</u> <u>Eaderesto v 22 Leroy Owners Corp.</u>, 101 AD3d 450, 450 [2012]). As plaintiff failed to demonstrate an acceptable excuse for the default, it is unnecessary to determine whether a meritorious cause of action was demonstrated.

Stein, Garry, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court