*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                518631
_____

WILLIAM CRAWFORD,

                    Respondent,

        v                                    MEMORANDUM AND ORDER

JENNIFER L. BURKEY,

                    Appellant.
_____


Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

                    _____


        Robert M. Winn, Granville, for appellant.

        Fitzgerald Morris Baker & Firth, PC, Glens Falls (William
A. Scott of counsel), for respondent.


                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Clark, J.),
entered December 19, 2013 in Washington County, which denied
defendant's motion to strike plaintiff's complaint.

        Plaintiff commenced this action to recover for
contributions he allegedly made to the improvement of a residence
that is titled in defendant's name.[1]  Following plaintiff's
failure to comply with an order compelling him to disclose his
tax returns for the years 2002 through 2009, Supreme Court issued
a conditional order requiring him to produce the tax returns
within 60 days or his complaint would be stricken.  Plaintiff

_____

        [1]  The facts are more fully set forth in our prior decision
in this action (93 AD3d 1134 [2012]).

timely responded to the demand with copies of his returns for 2002 through 2008, but he did not produce a tax return for 2009. Defendant moved to strike the complaint, and plaintiff opposed the motion with an affidavit attesting that he did not produce returns for 2009 because he failed to file them that year. Holding that plaintiff was not required to produce documents that do not exist, Supreme Court denied the motion.  Defendant appeals.

To avoid the consequences of the conditional order, plaintiff was required to provide a reasonable excuse for the failure to comply and an affidavit of merit (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; Willis v Keeler Motor Car Co., 121 AD3d 1373, 1374 [2014]; Cochran v Cayuga Med. Ctr. At Ithaca, 90 AD3d 1227, 1227 [2011]).  Here, plaintiff satisfied the reasonable excuse requirement, inasmuch as "a party cannot be compelled to produce documents that do not exist" (Mary Imogene Bassett Hosp. v Cannon Design, Inc., 97 AD3d 1030, 1032 [2012]). Further, despite defendant's contention that plaintiff cannot demonstrate potential merit because the minimal income reported in the tax returns provided was not adequate to support his allegation in the complaint that he contributed $70,000 to the improvement of the residence, plaintiff established that his claim is based, at least in part, on labor and material that he contributed to the residence.  Accordingly, we decline to disturb Supreme Court's exercise of its discretion in denying the motion to strike the complaint.  Defendant's remaining contentions have been considered and found to be unavailing.

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court