■ DEBRA BETZ, Respondent, v CARMELA CARBONE, Appellant. [5 NYS3d 256]—

In an action to recover damages for unjust enrichment and conversion, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated April 3, 2014, which denied her motion to vacate a judgment of the

same court dated November 18, 2013, entered upon her failure to answer the complaint.

Ordered that the order is affirmed, with costs.

To vacate a judgment entered upon her failure to answer the complaint, the defendant was required to demonstrate a reasonable excuse for her default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co.*, 120 AD3d 1322, 1323 [2014]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]). While the court has discretion to accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused (*see Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]; *Bazoyah v Herschitz*, 79 AD3d 1081, 1081 [2010]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]).

Here, the defendant failed to demonstrate a reasonable excuse for her default in interposing an answer. Her prior attorney did not adequately explain his failure to interpose an answer even though opposing counsel agreed to an overall extension of approximately 1½ months to do so (*see White v Daimler Chrysler Corp.*, 44 AD3d 651, 652 [2007]; *Rodriguez v Ng*, 23 AD3d 450, 451 [2005]; *John G. Trautwein Fish Co. v Gerland*, 201 AD2d 862, 863 [1994]). Furthermore, the prior attorney's claims of law office failure to explain the default in opposing the plaintiff's motion for leave to enter a default judgment were insufficient to justify the additional delay of approximately 4½ months in moving to vacate the default judgment after the court granted the plaintiff's motion (*see Vardaros v Zapas*, 105 AD3d at 1038; *Heidari v First Advance Funding Corp.*, 55 AD3d 669, 670 [2008]; *Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant demonstrated the existence of a potentially meritorious defense to the action (*see Vardaros v Zapas*, 105 AD3d at 1038; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732 [2011]; *O'Donnell v Frangakis*, 76 AD3d 999 [2010]).

Accordingly, the Supreme Court properly denied the defendant's motion to vacate the judgment entered upon her failure to answer the complaint. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.