Ural v Encompass Ins. Co. of Am. (2018 NY Slip Op 01350)





Ural v Encompass Ins. Co. of Am.


2018 NY Slip Op 01350


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-08597
 (Index No. 2208/07)

[*1]Thomas P. Ural, respondent-appellant, 
v
Encompass Insurance Company of America, et al., appellants- respondents, et al., defendant.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Mitchell L. Kaufman, Nathan M. Shapiro, and Alfred Polidore of counsel), for appellants-respondents.
Galarza Law Office, P.C., Massapequa Park, NY (J. Ceasar Galarza of counsel), for respondent-appellant.



DECISION & ORDER
Appeal and cross appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 8, 2015. The order, insofar as appealed from, denied the motion of the defendants Encompass Insurance Company of America and Encompass Insurance Company for a protective order pursuant to CPLR 3103(a) with respect to the plaintiff's third notice for discovery and inspection, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3126(3) to strike their verified answer and for leave to enter a default judgment against them to the extent of conditionally striking certain portions of their verified answer and precluding them from offering certain evidence at trial if they failed to comply with the plaintiff's outstanding discovery demands in the third notice for discovery and inspection and if they failed to produce for in camera inspection a log of certain claimed privileged and work product documents. The plaintiff filed a notice of cross appeal from the order.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was pursuant to CPLR 3126(3) to strike the verified answer of the defendants Encompass Insurance Company of America and Encompass Insurance Company and for leave to enter a default judgment against those defendants to the extent of conditionally striking certain portions of the verified answer and precluding them from offering certain evidence at trial if they failed to comply with the plaintiff's outstanding discovery demands in the third notice for discovery and inspection, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The underlying facts of this case are summarized in the decision and order of this Court on a prior appeal in this action (see Ural v Encompass Ins. Co. of Am., 97 AD3d 562). On the prior appeal, this Court reinstated the plaintiff's causes of action to recover damages for unfair [*2]trade practices under General Business Law § 349 and for violation of Insurance Law § 2601, which prohibits unfair claim settlement practices. This Court determined that the defendants Encompass Insurance Company of America and Encompass Insurance Company (hereinafter together Encompass) were required to produce the documents contained in the plaintiff's claim file to the extent of directing Encompass to provide the Supreme Court with a "detailed privilege log" of documents claimed to be exempt from disclosure based upon a privilege or as work product for litigation (Ural v Encompass Ins. Co. of Am., 97 AD3d at 567). This Court further determined that the Supreme Court properly denied that branch of the plaintiff's motion which was to compel Encompass to comply with certain discovery demands because the demands were overbroad, lacked specificity, or sought irrelevant information, but declined to grant a protective order (see CPLR 3103).
After depositions of various witnesses, the plaintiff served Encompass with a third notice for discovery and inspection which made specific references to the deposition testimony in seeking, inter alia, various documents and other material. Encompass then moved for a protective order pursuant to CPLR 3103(a) with respect to the third notice for discovery and inspection, contending that the plaintiff was attempting to obtain, in numerous instances, information and documents that the Supreme Court and this Court had deemed to be palpably improper. The plaintiff cross-moved, inter alia, pursuant to CPLR 3126(3) to strike Encompass's verified answer and for leave to enter a default judgment against it for failure to comply with the plaintiff's outstanding discovery demands in the third notice for discovery and inspection and for failure to produce for in camera inspection the "detailed privilege log" which this Court, on the prior appeal, had directed Encompass to produce.
The Supreme Court denied Encompass's motion pursuant to CPLR 3103(a) for a protective order, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3126(3) to strike Encompass's verified answer and for leave to enter a default judgment against it to the extent of conditionally striking certain portions of the verified answer and precluding Encompass from offering certain evidence at trial if Encompass failed to comply with the plaintiff's outstanding discovery demands from his third notice for discovery and inspection and produce the detailed privilege log for in camera inspection.
Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome (see Greenman-Pedersen, Inc. v Zurich Am. Ins. Co., 54 AD3d 386, 387; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531). Contrary to Encompass's contention, the plaintiff's third notice for discovery and inspection was not palpably improper or overly broad and burdensome. Unlike the first two notices for discovery and inspection, the third notice for discovery and inspection provided specific references to deposition testimony, details, and time parameters, and sought information material and necessary to the pending causes of action (see Yoshida v Hsueh-Chih Chin, 111 AD3d 704). Accordingly, Encompass's motion pursuant to CPLR 3103(a) for a protective order against the plaintiff's third notice for discovery and inspection was properly denied.
Further, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for relief pursuant to CPLR 3126(3) based upon Encompass's failure to comply with the prior order of this Court directing it to produce a detailed privilege log for in camera inspection (see Morales v Zherka, 140 AD3d 836; Padovano v Teddy's Realty Assoc., Ltd., 31 AD3d 514, 515). Examination of the detailed privilege log in camera is necessary before a determination of whether certain items demanded in the third notice of discovery and inspection should in fact be disclosed. If such a log does not exist, then Encompass should so state to the Supreme Court as the reason for failing to produce it (see CPLR 3120[1][I]; Crawford v Burkey, 124 AD3d 1184; Romeo v City of New York, 261 AD2d 379; Corriel v Volkswagen of Amer., 127 AD2d 729, 731). However, if such a log does not exist, Encompass cannot claim that the items demanded were privileged.
The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's cross motion which was for relief pursuant to CPLR 3126(3) for failure to comply with [*3]the balance of the plaintiff's third notice for discovery and inspection, as there has been no clear showing that Encompass's lack of compliance with the third notice for discovery and inspection was willful and contumacious (see Dimoulas v Roca, 120 AD3d 1293; Barnes v City of New York, 43 AD3d 1094; Patel v DeLeon, 43 AD3d 432, 432-433). The items demanded in the third notice for discovery and inspection should be produced, and sanctions pursuant to CPLR 3126 should only be considered if Encompass continues to resist disclosure.
The plaintiff's cross appeal must be dismissed as abandoned, as he does not seek reversal of any portion of the order in his brief (see Matter of Blamoville v Culbertson, 151 AD3d 1058, 1060; Utility Audit Group v Apple Mac & R Corp., 59 AD3d 709).
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court