Parkash v Austin (2020 NY Slip Op 51510(U))

[*1]

Parkash v Austin

2020 NY Slip Op 51510(U) [70 Misc 3d 128(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1236 Q C

Ved Parkash, Appellant,
against
Nahalia R. Austin, Respondent. 

Smith, Carroad, Levy & Wan, P.C. (Evan P. Hallal and Kevin Knab of counsel), for
appellant.
Nahalia R. Austin, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Lance P.
Evans, J.), dated April 17, 2019. The order granted defendant's motion to vacate a judgment
entered October 12, 2005 upon defendant's failure to appear or answer the complaint.

ORDERED that the order is reversed, without costs, and defendant's motion to vacate the
default judgment is denied.
In 2005, plaintiff commenced this action to recover unpaid rent from defendant, who,
plaintiff alleges, is a former tenant. Upon defendant's failure to appear and answer the complaint,
plaintiff obtained a default judgment, entered October 12, 2005, awarding plaintiff a sum of
$5,580.47. Approximately 13 years thereafter, in January 2019, defendant moved, in effect
pursuant to CPLR 5015 (a) (1), to vacate the default judgment, interpose an answer and place the
case on the trial calendar. By order dated April 17, 2019, the Civil Court granted defendant's
motion. Plaintiff now appeals.
A defendant seeking to vacate a judgment entered upon his or her default in appearing or
answering based on an excusable default must demonstrate both a reasonable excuse for the
default and the existence of a potentially meritorious defense to the action (see CPLR
5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141
[1986]; Chase Home Fin., LLC v
Minott, 115 AD3d 634, 634 [2014]). While the determination of what constitutes a
[*2]reasonable excuse for a default generally lies within the
sound discretion of the motion court, reversal is warranted where the motion court has
improvidently exercised its discretion (see HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685
[2019]; Butindaro v Grinberg, 57
AD3d 932, 932 [2008]).
Here, defendant failed to demonstrate a reasonable excuse for her default in appearing and
answering the complaint. Furthermore, plaintiff's submissions established that defendant was
aware for a substantial period of time that plaintiff had been awarded a default judgment against
her, but took no steps to vacate the judgment until after plaintiff had engaged in repeated
attempts to collect on the default judgment by obtaining income executions against defendant and
restraining defendant's bank account. Such conduct evinces an intentional default, which is not
excusable (see Condo v Condo, 173
AD3d 595, 595 [2019];
Dimopoulos v Caposella, 118 AD3d 739, 741 [2014]; Vardaros v Zapas, 105 AD3d
1037, 1038 [2013]; Desiderio v Devani, 24 AD3d 495, 496 [2005]; Eretz
Funding v Shalosh Assoc., 266 AD2d 184, 185 [1999]). In light of the lack of a reasonable
excuse, it is unnecessary to consider whether defendant demonstrated the existence of a
potentially meritorious defense to the action (see Dimopoulos v Caposella, 118 AD3d at
741; Vardaros v Zapas, 105 AD3d at 1038). Consequently, the Civil Court improvidently
exercised its discretion in granting defendant's motion to vacate the default judgment entered
against her (see A.B. Med. Servs. v
Empire Ins. Co., 3 Misc 3d 130[A], 2004 NY Slip Op 50386[U] [App Term, 2d Dept,
2d & 11th Jud Dists 2004]).
Accordingly, the order is reversed and defendant's motion to vacate the default judgment is
denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020