Moore St. Bldg. Corp. v Abbott Resource Servs. Co. (2024 NY Slip Op 06011)

Moore St. Bldg. Corp. v Abbott Resource Servs. Co.

2024 NY Slip Op 06011

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 650810/14 Appeal No. 3142-3143-3144 Case No. 2023-05049(3), 2023-05353, 2024-02446 

[*1]Moore Street Building Corp., Plaintiff-Respondent,
v
Abbott Resource Services Company, Defendant-Appellant.

David A. Kaminsky & Associates, P.C., New York (David A. Kaminsky of counsel), for appellant.
Mandel Bhandari LLP, New York (Evan Mandel of counsel), for respondent.

Order, Supreme Court, New York County (Phaedra F. Perry, J.), entered on or about March 7, 2024, which denied defendant's motion to vacate an order, same court and Justice, entered September 14, 2023, which, following a bench trial, found defendant to be in default, dismissed defendant's counterclaims, and ordered that the parties' joint venture agreement had been dissolved as of March 13, 2014, with plaintiff continuing to own the relevant premises, unanimously affirmed, with costs. Appeals from underlying order following trial, and the resulting judgment, entered October 4, 2023 same court and Justice, unanimously dismissed, without costs, as taken from nonappealable paper.
A party seeking to vacate a judgment based on excusable default must demonstrate both a reasonable excuse for the default and a meritorious defense (Leader v Parkside Group, 174 AD3d 420, 421 [1st Dept 2019], lv dismissed 33 NY3d 1111 [2019]). What constitutes a reasonable excuse for default lies within the sound discretion of the court (id.; Marquez v 171 Tenants Corp., 161 AD3d 646, 647 [1st Dept 2018]).
Here, the court properly denied the vacatur motion because defendant's default was the result of willful neglect (see e.g. Eretz Funding v Shalosh Assoc., 266 AD2d 184 [2d Dept 1999]). A review of the record indicates that defendant's principal, Susan Davison, wanted to delay the trial at all costs, and it was only when her attorney was unable to procure at least a one-week adjournment that she decided to fire him as a last-ditch effort to postpone the trial on the day it was to begin. A continuance is not warranted where a party chooses to terminate its counsel on the day of trial (see Matter of Arc on 4th St. Inc. v Quesada, 112 AD3d 431, 431 [1st Dept 2013], lv dismissed 23 NY3d 953 [2014]; Matter of Aponte v Jagnarain, 205 AD3d 800, 802 [2d Dept 2022]).
The court also providently allowed the case to go forward despite Davison's absence, which she contends was the result of a severe storm that disrupted her travel plans from the Bahamas to New York on the day before trial. Notably, this issue is largely a red herring, given that it was the discharge of defendants' counsel (rather than Davison's failure to appear) that caused defendant's default (see CPLR 321[a]). Moreover, the record reflects Davison's continued attempts to delay the trial  even weeks before it was set to begin  with the court properly finding that the storm provided her with a convenient excuse for her failure to appear. The court reviewed the relevant evidence, including flight records, and determined that Davison had not been truthful about her inability to get to New York from the Bahamas on July 9, 2023, or over the course of the next several days as the trial was going forward. There is no reason to disturb this determination on appeal.
As defendant failed to provide a reasonable excuse for its default, we need not reach whether defendant established [*2]a potentially meritorious claim or defense (see e.g. New Globaltex Co., Ltd. v Zhe Lin, 198 AD3d 573, 574 [1st Dept 2021]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024