PennyMac Corp. v Dean-Phillips (2025 NY Slip Op 05002)

PennyMac Corp. v Dean-Phillips

2025 NY Slip Op 05002

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-09111
 (Index No. 29346/10)

[*1]PennyMac Corp., respondent, 
v
Manesha Dean-Phillips, etc., et al., defendants, Samuel Dean, etc., appellant.

John James, New York, NY, for appellant.
Blank Rome, New York, NY (Diana M. Eng and Andrea M. Roberts of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Samuel Dean, as co-executor of the estate of Ida Louise Dean, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 22, 2023. The order denied that defendant's motion to vacate an order of the same court dated January 11, 2023, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the amended complaint insofar as asserted against that defendant and for an order of reference.
ORDERED that the order dated June 22, 2023, is affirmed, with costs.
The factual and procedural history of this foreclosure action is set forth in this Court's decision and order on a prior appeal (see PennyMac Corp. v Dean-Phillips, 189 AD3d 1603). As relevant to this appeal, in November 2022, the plaintiff filed a successive motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Samuel Dean, as co-executor of the estate of Ida Louis Dean (hereinafter the defendant), and for an order of reference. It is undisputed that the defendant defaulted in opposing the motion. By order dated January 11, 2023, the Supreme Court granted the plaintiff's unopposed motion.
In June 2023, the defendant moved to vacate the order dated January 11, 2023, inter alia, based upon a claim of law office failure. The plaintiff opposed the motion. By order dated June 22, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"'A party seeking to vacate an order entered upon his or her default in opposing a motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion'" (New Penn Fin., LLC v Rubin, 207 AD3d 730, 731, quoting Stango v Byrnes, 200 AD3d 821, 822; see CPLR 5015[a][1]). "'[W]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse'" (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786, quoting Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672). "Although a court has discretion to accept ill health of a litigant's attorney as an acceptable excuse for a default, a conclusory and unsubstantiated claim of [*2]ill health should be rejected" (Moore v Moore, 216 AD3d 938, 939 [internal citations omitted]; see Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 872).
Here, the affirmation of the defendant's prior counsel, in which she averred, without supporting proof, that the default occurred when she was "out of her office for several months due to being diagnosed with a serious illness and multiple bereavement [sic] in her family," failed to establish a reasonable excuse for the defendant's default (see Moore v Moore, 216 AD3d at 939; Dimopoulous v Caposella, 118 AD3d 739, 740). Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he sufficiently demonstrated the existence of potentially meritorious opposition to the plaintiff's motion (see BAC Home Loan Servicing, L.P. v Howell, 201 AD3d 782, 783; HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640-641).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the order dated January 11, 2023.
The defendant's remaining contention is without merit.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court