■ GEORGE MARTIN et al., Respondents, v ERNEST ZANGRILLO et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Kutner, J.), dated August 23, 1990, which granted the plaintiffs' renewed motion for leave to enter a judgment against the defendants, upon the defendants' default in answering, and (2) a judgment of the same court dated October 30, 1990, entered thereon, which is in favor of the plaintiffs and against the corporate defendant in the principal sum of $18,700.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiffs moved for leave to enter a judgment against the defendants, upon their default in answering, but submitted neither a verified complaint nor a sworn statement showing that the action was meritorious. The court denied the motion. Thereafter, the plaintiffs renewed their motion, and submitted the complaint verified by the plaintiffs' attorney. Upon a motion for leave to enter a default judgment, CPLR 3215 (e) (now subd [f]) requires, *inter alia,* "proof by affidavit made by the party of the facts constituting the claim, the default and the amount due". However, where, as here, the plaintiffs' attorney has personal knowledge of the facts constituting the claim, the complaint is sufficient to satisfy the affidavit requirement of CPLR 3215 (e) (now subd [f]) *(see,* CPLR 3020 [d] [3]; 105 [t]; *see also, Colonial Country Club v Village of Ellenville,* 88 AD2d 1027).

Furthermore, the Supreme Court was correct in considering

the second motion to be one for renewal rather than reargument. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.