■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v JULIO RODRIGUEZ, Appellant. [784 NYS2d 875]—

In a subrogation action to recover insurance benefits paid to

the plaintiff's insured, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated April 12, 2004, as denied his cross motion to dismiss the complaint pursuant to CPLR 3215 (c).

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where a defendant defaults in appearing or answering and a plaintiff fails to enter a judgment upon the default within one year thereof, the action is deemed abandoned (*see* CPLR 3215 [c])" (*Turnbull v Summit Entertainment Corp.*, 300 AD2d 392, 392 [2002]). Under such circumstances, to avoid dismissal of the complaint, the plaintiff must offer a reasonable excuse for its delay and demonstrate the merits of the complaint (*see* CPLR 3215 [c]).

The plaintiff's delay in entering a default judgment was reasonable under the circumstances. The plaintiff's counsel notified the defendant's insurance carrier of the action within the one-year period specified in CPLR 3215 (c) and the carrier indicated that it was attempting to confirm coverage (*see Rivera v Shlagbaum*, 204 AD2d 524 [1994]; *Ingenito v Grumman Corp.*, 192 AD2d 509, 510-511 [1993]; *Hinds v 2461 Realty Corp.*, 169 AD2d 629 [1991]). Furthermore, the complaint verified by the plaintiff's attorney was sufficient to constitute a sufficient affidavit of merits where, as here, the plaintiff's attorney had personal knowledge of the facts constituting the action (*see* CPLR 105 [u]; *Martin v Zangrillo*, 186 AD2d 724 [1992]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.