■ ALTHEA CLARKE et al., Appellants, v LIBERTY MUTUAL FIRE INSURANCE Co., Respondent. [55 NYS3d 400]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiffs appeal, as limited by their

brief, from so much of an order of the Supreme Court, Nassau County (Anzalone, J.), entered June 24, 2016, as, upon reargument, adhered to the original determination in an order dated February 1, 2016, denying their unopposed motion for leave to enter a default judgment against the defendant, and granted the defendant's cross motion pursuant to CPLR 3012 (d) to compel them to accept its late answer.

Ordered that the order entered June 24, 2016, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, upon reargument, the order dated February 1, 2016, is vacated and the plaintiffs' motion for leave to enter a default judgment against the defendant is granted, and the defendant's cross motion pursuant to CPLR 3012 (d) to compel the plaintiffs to accept its late answer is denied.

On October 20, 2013, the plaintiffs were involved in an automobile accident with the defendant's insured, nonparty Jamal Bates, during which they were injured. Thereafter, the plaintiffs commenced an action against Bates to recover damages for their personal injuries (hereinafter the underlying action).

Upon Bates's failure to appear or answer in the underlying action, the plaintiffs moved for leave to enter a default judgment against him. The Supreme Court granted the plaintiffs' motion and set the matter down for an inquest to determine damages. After the inquest, a judgment was entered in the underlying action in favor of the plaintiffs, awarding each of them the principal sum of $50,000. On August 27, 2015, the plaintiffs served Bates and the defendant with a copy of the judgment with notice of entry in the underlying action.

The plaintiffs then commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of the unsatisfied judgment in the underlying action from the defendant as Bates's insurer. After process was served upon the defendant on October 26, 2015, and the defendant failed to appear or answer, the plaintiffs moved in December 2015 for leave to enter a default judgment against the defendant. The defendant did not oppose the motion. In an order dated February 1, 2016, the Supreme Court denied the unopposed motion without prejudice, finding that the plaintiffs failed to comply with CPLR 3215 (f) since they relied on a complaint verified by their attorney.

Thereafter, by notice of motion dated February 9, 2016, the plaintiffs moved for leave to renew and reargue their prior motion, asserting, inter alia, that since the action was one to collect an unsatisfied judgment from an insurer, their attorney

had personal knowledge of the facts constituting the claim, which he set forth in his affirmation accompanying the prior motion. While the plaintiffs' motion to renew and reargue was pending, the defendant attempted to serve the plaintiffs with its answer, dated March 8, 2016, which the plaintiffs rejected as untimely. Thereafter, on March 16, 2016, the defendant opposed the plaintiffs' motion and cross-moved pursuant to CPLR 3012 (d) to compel the plaintiffs to accept its late answer.

The Supreme Court granted that branch of the plaintiffs' motion which was for leave to reargue, and upon reargument, adhered to its original determination denying the plaintiffs' motion for leave to enter a default judgment against the defendant. The court also granted the defendants' cross motion to compel the plaintiffs to accept its late answer.

On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing (*see* CPLR 3215 [f]; *Roy v 81E98th KH Gym, LLC*, 142 AD3d 985, 985 [2016]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]; *Dupps v Betancourt*, 99 AD3d 855, 855 [2012]; *Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]). To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Roy v 81E98th KH Gym, LLC*, 142 AD3d at 985-986; *Fried v Jacob Holding, Inc.*, 110 AD3d at 60). The court may consider the complaint, affidavits, and affirmations submitted by the plaintiff (*see Interboro Ins. Co. v Johnson*, 123 AD3d 667, 668 [2014]; *Litvinskiy v May Entertainment Group, Inc.*, 44 AD3d 627, 627 [2007]).

"A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he [or she] believes it to be true" (CPLR 3020 [a]). While a pleading is to be verified by affidavit of the party, "if all the material allegations of the pleading are within the personal knowledge of . . . the attorney, the verification may be made by such . . . attorney" (CPLR 3020 [d] [3]).

Here, the plaintiffs met all of the requirements for demonstrating their entitlement to enter a default judgment against the defendant. The affidavit of service submitted in support of the motion constituted prima facie evidence that the defendant was properly served through the New York State Department

of Financial Services pursuant to Insurance Law § 1212 (*see U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]; *Carver Fed. Sav. Bank v Supplice*, 109 AD3d 572 [2013]). Further, since the plaintiffs' attorney had firsthand knowledge of the facts constituting the plaintiffs' cause of action pursuant to Insurance Law § 3420 (a) (2) against the defendant and proof of the defendant's default in answering the complaint, the Supreme Court improperly denied the plaintiffs' motion on the basis that their attorney's affirmation and the complaint verified by him did not provide a sufficient basis upon which to grant leave to enter a default judgment against the defendant (*see* CPLR 3020 [d] [3]; CPLR 105 [u]; *Martin v Zangrillo*, 186 AD2d 724, 724 [1992]; *see also State Farm Mut. Auto. Ins. Co. v Rodriguez*, 12 AD3d 662 [2004]).

To defeat the plaintiffs' facially adequate CPLR 3215 motion and be relieved of its default in answering the complaint, the defendant had to show either that it did not default, or that it had a reasonable excuse for its default and a potentially meritorious defense to the action (*see U.S. Bank N.A. v Wolnerman*, 135 AD3d 850, 851 [2016]; *US Bank N.A. v Dorestant*, 131 AD3d 467, 470 [2015]). In order to compel the plaintiffs to accept service of its untimely answer, the defendant also had to provide a reasonable excuse for the delay in answering and demonstrate a potentially meritorious defense to the action (*see* CPLR 3012 [d]; *TCIF REO GCM, LLC v Walker*, 139 AD3d 704 [2016]; *Deutsche Bank Natl. Trust Co. v Kuldip*, 136 AD3d 969, 969 [2016]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]). "[S]uccessful opposition to a CPLR 3215 motion for leave to enter a default judgment requires the same showing as an affirmative motion for leave to extend the time to answer" (*Deutsche Bank Natl. Trust Co. v Kuldip*, 136 AD3d at 970; *see Wells Fargo Bank, N.A. v Cean Owens, LLC*, 110 AD3d 872 [2013]).

The Supreme Court improvidently exercised its discretion in granting the defendant's cross motion to compel the acceptance of its late answer, as the defendant did not offer a reasonable excuse for its failure to serve a timely answer in this action. The defendant, through an affidavit of its paralegal manager in its Massachusetts office, acknowledged that it received the complaint as of November 3, 2015, but blamed its failure to answer on a clerical error in its Mitchel Field, New York, office, which resulted in the complaint never being assigned to a claims handler. The affidavit of the defendant's paralegal manager failed to provide any details surrounding the bare claim that a clerical error, which purportedly occurred in an of-

fice in which she did not work, caused the failure of the defendant to timely answer (*see Bank of N.Y. v Young*, 123 AD3d 1068, 1069 [2014]; *Westchester Med. Ctr. v Philadelphia Indem. Ins. Co.*, 69 AD3d 613, 614 [2010]). Moreover, the paralegal manager did not address why the defendant did not take any action upon being served with the plaintiffs' initial motion for leave to enter a default judgment against it or the resulting court order (*see Skutelsky v JN Natural Fruit Corp.*, 138 AD3d 1099, 1100 [2016]).

Since the defendant failed to provide a reasonable excuse for its failure to timely serve an answer, it is unnecessary to consider whether it demonstrated the existence of a potentially meritorious defense (*see Betz v Carbone*, 126 AD3d 743, 744 [2015]; *Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732, 733 [2011]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]).

Accordingly, upon reargument, the Supreme Court should have granted the plaintiffs' motion for leave to enter a default judgment against the defendant, and it should have denied the defendant's cross motion to compel the acceptance of its late answer. Chambers, J.P., Austin, Roman and Barros, JJ., concur.