Loughran v Giannoti (2018 NY Slip Op 02451)





Loughran v Giannoti


2018 NY Slip Op 02451


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-11895
 (Index No. 15904/14)

[*1]Patricia Loughran, etc., appellant, 
v
Dominick J. Giannoti, et al., respondents.


Weitz & Luxenberg, P.C., New York, NY (David H. Green of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Raymond A. Cote of counsel), for respondent Dominick J. Giannoti, and Connors & Connors, P.C., Staten Island, NY (Erik J. McKenna of counsel), for respondent Michael A. Casale (one brief filed).



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated August 10, 2016. The order denied the plaintiff's motion for leave to enter a default judgment against the defendants and granted the defendants' cross motion to compel the plaintiff to accept their late answer.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants is granted, and the defendants' cross motion to compel the plaintiff to accept their late answer is denied.
On June 28, 2014, Bryan Loughran, a pedestrian, was struck by a vehicle operated by the defendant Michael A. Casale and owned by the defendant Dominick J. Giannoti. Bryan Loughran died from his injuries later that day. In November 2014, the plaintiff, Patricia Loughran, as administrator of the estate of Bryan Loughran, deceased, and individually, commenced this action against the defendants. In September 2015, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants based upon their failure to appear in the action or answer the complaint. In October 2015, the defendants cross-moved to compel the plaintiff to accept their late answer. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
"On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default" (Triangle Props. #2, LLC v Narang, 73 AD3d 1030, 1032; see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable" (Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71). Here, the plaintiff satisfied all of the requirements for demonstrating her entitlement to enter a default judgment (see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690; Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC, 65 AD3d 1102).
To successfully oppose a facially adequate motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a potentially meritorious defense (see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d at 1195; Fried v Jacob Holding, Inc., 110 AD3d 56, 60). Similarly, "[t]o compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Ryan v Breezy Point Coop., Inc., 76 AD3d 523, 524; see CPLR 3012[d]; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d at 1194; Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; Juseinoski v Board. of Educ. of City of N.Y., 15 AD3d 353, 356-358). Here, although the defendants demonstrated a reasonable excuse for the delay in serving their answer (see Lehrman v Lake Katonah Club, 295 AD2d 322), they failed to establish that they had a potentially meritorious defense to the action. The defendants submitted a proposed answer which was verified only by their attorney, and an affirmation from their attorney who did not have personal knowledge of the facts. These documents were insufficient to demonstrate a potentially meritorious defense to the action (see State Farm Mut. Auto. Ins. Co. v Austin Diagnostic Med., P.C., 153 AD3d 576, 577; Ryan v Breezy Point Coop., Inc., 76 AD3d at 524).
The defendants' remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against the defendants, and denied the defendants' cross motion to compel the plaintiff to accept their late answer.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court