Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C. (2019 NY Slip Op 02317)





Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C.


2019 NY Slip Op 02317


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-12644
 (Index No. 605738/17)

[*1]Global Liberty Insurance Co., appellant, 
v
Haar Orthopaedics & Sports Med., P.C., etc., defendant.


Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellant.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to pay a claim for no-fault insurance benefits submitted by the defendant on behalf of its assignor John Thomas, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered October 30, 2017. The order denied the plaintiff's unopposed motion for leave to enter a default judgment against the defendant.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendant is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to pay a claim for no-fault insurance benefits submitted by the defendant on behalf of its assignor John Thomas.
The plaintiff, a no-fault insurance carrier, commenced this action seeking a de novo adjudication of an insurance dispute concerning the denial of a no-fault claim involving the defendant (see Insurance Law § 5106[c]). The plaintiff sought a judgment declaring that the plaintiff is not obligated to pay the claim for no-fault insurance benefits submitted by the defendant on behalf of its assignor John Thomas, on the grounds that the services were not medically necessary, were not related to the subject motor vehicle accident, and/or were billed in excess of the fee schedule. The defendant had been awarded more than $5,000 against the plaintiff as a result of a master arbitration award.
The plaintiff moved for leave to enter a default judgment against the defendant based upon the defendant's failure to answer the complaint or appear in this action. The defendant failed to oppose the motion. The Supreme Court denied the plaintiff's motion on the basis that the master arbitration award confirming an original arbitration award was supported by evidence in the record, was rationally based, and was not arbitrary or capricious. The plaintiff appeals.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to file proof of (1) service of the summons and complaint, (2) the facts constituting the claim, and (3) the other party's default (see CPLR 3215[f]; Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768, 769; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine if the claim is [*2]viable (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; Fried v Jacob Holding, Inc., 110 AD3d at 60; Neuman v Zurich N. Am., 36 AD3d 601, 602).
In support of its motion, the plaintiff submitted proof of service of the summons and complaint via the Secretary of State (see Business Corporation Law §§ 306[b]; 1513; CPLR 311[a][1]), and an additional copy of the summons and complaint upon the defendant pursuant to CPLR 3215(g)(4). In further support, the plaintiff submitted its attorney's affirmation, inter alia, attesting to the defendant's failure to answer or appear in this action, thereby admitting all traversable allegations (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). It also submitted, inter alia, a copy of the complaint verified by its attorney (see CPLR 105[u]; 3020[d][3]; 3215[f]; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195; Martin v Zangrillo, 186 AD2d 724), its expert's affirmed peer review, the arbitration award in excess of $5,000, and the master arbitration award confirming the original arbitration award, which were sufficient to establish that the plaintiff had a viable cause of action against the defendant (see Woodson v Mendon Leasing Corp., 100 NY2d at 71; Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d at 770). The defendant failed to oppose the plaintiff's motion (see Fried v Jacob Holding, Inc., 110 AD3d at 60).
Accordingly, the plaintiff's motion for leave to enter a default judgment against the defendant should have been granted. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to pay a claim for no-fault insurance benefits submitted by the defendant on behalf of its assignor John Thomas (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court