JHPDE Fin. I, LLC. v Harris (2024 NY Slip Op 24187)

[*1]

JHPDE Fin. I, LLC. v Harris

2024 NY Slip Op 24187

Decided on July 3, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 3, 2024
Supreme Court, Bronx County

JHPDE Finance I, LLC., Plaintiff,

against
Kimberla Harris, Defendant.

Index No. 813937/2021E 

HEATHER ANN JOHNSON MANDARICH LAW GROUP, LLP
600 Essjay Rd Ste 200, Williamsville, NY 14221
(716) 204-4260
Service E-mail: heatherj@mandarichlaw.com Other E-mails: StephanieS@mandarichlaw.com

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all papers filed in NYSCEF regarding the motion [Mot. Seq. 1] of plaintiff JHPDE FINANCE I, LLC. ("Plaintiff"), made pursuant CPLR 3215, for an order granting Plaintiff default judgment as against defendant KIMBERLA HARRIS ("Defendant") in the amount of $4,145.35.
While the amount in controversy in this lawsuit may not seem large, the issues highlighted by this motion with regards to the interaction between the Consumer Credit Fairness Act and the requirements for setting forth a prima facie showing on a motion for default judgment are quite valuable.
This is an action for damages based on an original $3540.66 debt allegedly accumulated by Defendant in January 2018 on a credit card issued by Citibank N.A. to Defendant ("the Debt"). Citibank N.A. sold the Debt to JH Portfolio Debt Equities six years ago, on March 19, 2018. On April 30, 2018, JH Portfolio Debt Equities sold the Debt to Plaintiff.
The summons and complaint were filed three years later, on October 13, 2021. The complaint alleges a cause of action for breach of contract based on a consumer credit transaction. [*2]On this motion, Plaintiff seeks an order granting default judgment against Defendant. There is no opposition to the motion.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing. see CPLR 3215; Clarke v. Liberty Mut. Fire Ins. Co., 150 AD3d 1192 (2d Dep't 2017). To demonstrate the facts constituting the cause of action, the plaintiff needs to submit sufficient proof to enable a court to determine if the cause of action is viable. see Woodson v. Mendon Leasing Corp., 100 NY2d 62, 71 (2003). The court may consider the complaint, affidavits, and affirmations submitted by the plaintiff. Id.
Moreover, in an action based on contract brought against an individual such as this case, a plaintiff must satisfy CPLR 3215 (g)(3). In relevant part, CPLR 3215 (g) (3) provides:
"3. (i) When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation, an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt . . .
(ii) The additional notice may be mailed simultaneously with or after service of the summons on the defendant. An affidavit of mailing pursuant to this paragraph shall be executed by the person mailing the notice and shall be filed with the judgment. Where there has been compliance with the requirements of this paragraph, failure of the defendant to receive the additional notice shall not preclude the entry of default judgment
As the proponent of an unopposed motion for default judgment a plaintiff also bears the burden of establishing, inter alia, that the defendant was properly served with the motion for default judgment. see CPLR 306; CPLR 3215(f); CPLR 2103. The plaintiff must also aver that defendant is not in active military service.
And if that is not enough, in cases involving consumer credit transactions still more evidence must be submitted to make a prima facie showing on a motion for a default judgment. CPLR 105(f) defines a consumer credit transaction as "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes". CPLR 105(f). Under the constellation of circumstances presented in this case, this action is founded on a "consumer credit transaction" and this additional criteria must be satisfied to succeed on the motion.
Specifically, pursuant to the Consumer Credit Fairness Act, which became effective in May 2022, CPLR 3215 (f), was amended to include a provision that states that on any application for judgment by default in an action arising out of a consumer credit transaction"[FN1]
, if [*3]the plaintiff is not the original creditor, the applicant shall also include:
"(1) an affidavit by the original creditor of the facts constituting the debt, the default in payment, the sale or assignment of the debt, and the amount due at the time of sale or assignment;
(2) for each subsequent assignment or sale of the debt to another entity, an affidavit of sale of the debt by the debt seller, completed by the seller or assignor; and
(3) an affidavit of a witness of the plaintiff, which includes a chain of title of the debt, completed by the plaintiff or plaintiff's witness."
Importantly, while CPLR R 3215 (j) was also amended by the Consumer Credit Fairness Act to require an additional affirmation of the non-expiration of the statute of limitations, that section only applies to requests for a default judgment to be entered by the clerk, and not by motion before a court, and is therefore inapplicable to this motion. Relevant to this motion, however, is that fact that both amendments to CPLR 3215 (CPLR 3215(f) and CPLR 3215(j)) provide that "the chief administrative judge shall issue form affidavits to satisfy the requirements of this subdivision for consumer credit transactions".
CPLR 306-d was also amended by the Consumer Credit Fairness Act, and it too added new hurtles to acquiring a default judgment in a consumer credit transaction case. In relevant part, the amended statute provides that:
"306-d. Additional mailing of notice in an action arising out of a consumer credit transaction:
(a) At the time of filing with the clerk of the proof of service of the summons and complaint in an action arising out of a consumer credit transaction, the plaintiff shall submit to the clerk a stamped, unsealed envelope addressed to the defendant together with a written notice in clear type of no less than twelve-point in size, in both English and Spanish, and containing [certain specific language] . . . "
As stated, this case involves a consumer credit transaction as the term is defined in the Consumer Credit Fairness Act and the additional requirements set forth thereunder are applicable here. CPLR 105(f). Hence, applying these amendments to the moving papers, Plaintiff must overcome significant legal hurtles to obtain a default judgment in this case.[FN2]

Initially, Plaintiff demonstrates that the pleadings were served on Defendant on October 14, 2021, by service on a person of suitable age and discretion and mailing a copy of the pleadings to Defendant's residence. Proof of service was filed on October 18, 2021. No answer has yet been filed.
As for the necessary additional service of a copy of the pleadings pursuant to CPLR 3215(g)(3), Plaintiff submits an affidavit of service which states that the additional mailing of the pleadings was completed on October 26, 2021.
In addition, Plaintiff submits an affidavit of non-military service. Also included on the motion is an affirmation of the non-expiration of the statute of limitations, an affidavit of fact by the debt buyer plaintiff, and an original creditor affidavit. Of note, the affirmation of non-expiration of the statute of limitations was unnecessary under CPLR R 3215 (f) and a motion before the court, but confusion as to the issue is not uncommon in court decisions.
Furthermore, the motion for default judgment was filed on May 1, 2023, served on Defendant on the same date, by regular mail, and made returnable October 31, 2023. Defendant has not opposed the motion.
Based on the submissions, Plaintiff demonstrates that Defendant was served in the action and is in default. Plaintiff also shows that the necessary additional CPLR 3215(g) notice was provided, and that Defendant defaulted on the motion. Plaintiff further establishes the facts of the cause of action by the affidavits of merit and supporting billing statements. The submitted affirmations also satisfy the requirements of CPLR 3212(f) proving the chain of title to the Debt.
Missing from the moving papers, however, is proof that the additional mailing of the notice of an action as required by CPLR 306-d was ever completed. Although there is no time limit set forth in the statute for the supplemental mailing, the provision expressly states that the additional notice shall be submitted to the clerk with an envelope "at the time of filing with the clerk of the proof of service of the summons and complaint." However, as this action was commenced and proof of service was filed in October 2021, prior to the enactment of the Consumer Credit Fairness Act in May 2022, it appears that this requirement is inapplicable to the facts presented here.
In any event, there is an issue as to whether Plaintiff moved for a default judgment within the required statutory timeframe. CPLR 3215 (c). CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, in as much as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned. NYCL 2017-A Trust v. Heirs-at-Law of John Ghiselli, 215 AD3d 427 (1st Dep't 2023); CIT Group/ Consumer Finance, Inc. v. Kaiser, 206 AD3d 791 (2d Dep't 2022).
The chronological order of the acts taken in the lawsuit shows that Defendant was served with the Summons and Complaint on October 14, 2021, and the affidavit of service was filed on October 18, 2021. Defendant was required to answer within 30 days after service was complete. CPLR 320(1). Pursuant to CPLR 308(2), service is complete 10 days after the filing of proof of service with the clerk of the court, which in this case was October 28, 2021. Defendant's answer was therefore due on November 29, 2021. Accordingly, Defendant was in default as of the end of November 2021 and the time file a motion for default judgment under CPLR 3215 expired at the end of November 2022.
This motion for default judgment was not filed, however, until May 1, 2023, approximately six months beyond the one-year deadline set forth in CPLR 3215(c). As the one-year period to move for default judgment passed, the motion is, in essence, untimely.
It is true, however, that a plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed. The Court has interpreted this language as requiring a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious. Wells Fargo Bank, N.A. v. Gwebu, 226 AD3d 578 (1st Dep't 2024); U.S. Bank National Association v. Dickerson, 223 AD3d 930 (2d Dep't 2024).
On this issue, Plaintiff acknowledges that the motion was filed beyond the one-year deadline, but argues that:
"Plaintiff was unable to move for Default Judgment within one year due to the passage of the New York Consumer Credit Fairness Act, which mandated new affidavits required to obtain default judgment. The new Act required Plaintiff to await the release of a mandated affidavit form which Plaintiff thereafter reviewed, implemented, and properly executed."
As stated, this case involves a consumer credit transaction as the term is defined in the Consumer Credit Fairness Act. CPLR 105(f). Furthermore, the amendments to CPLR 3215(f) under the Act imposed additional affidavit requirements to outline the ownership history of the Debt. The Act also provides that "the chief administrative judge shall issue form affidavits to satisfy the requirements" of the amendment of CPLR 3215(f), which applies here, and of the amendment of CPLR 3215(j) which is inapplicable to this motion.
Plaintiff's counsel avers in his affirmation that the passage of the Consumer Credit Fairness Act required Plaintiff to await the release of "a mandated affidavit . . . ", but it is nowhere clarified which CPLR provision or affidavit is specifically being referred to and no additional proof is submitted. Again, the only new additional requirements that are relevant here are those related to applications of default judgments with the court under CPLR 3215(f), and not those with the clerk, because the case at hand falls within the former and not the latter.
Furthermore, the contention that Plaintiff was unable to move for default judgment within one year of the default due to the passage of the Consumer Credit Fairness Act and the alleged delay in the creation of the required affidavit form is not demonstrated by the record. Nowhere in the moving papers does Plaintiff's attorney provide a timeline for the release of the relevant affidavit form or a description of the efforts made by Plaintiff's attorney to obtain said form. Importantly, the relevant amendment became effective in May 2022, and Plaintiff did not move for a default judgment until May 2023, one year later. Without specific evidentiary support for Plaintiff's broad allegation that the one-year delay was due to a purported delay in the release of a mandatory affidavit form, Plaintiff fails to demonstrate a reasonable excuse for the failure to [*4]timely move for default judgment. Accordingly, the court finds that Plaintiff did not move for the entry of judgment within one year after the default of Defendant and subsequently failed to provide any reasonable excuse for its untimeliness. See Wells Fargo Bank, N.A. v. Gwebu, supra; U.S. Bank National Association v. Dickerson, supra; Giglio v. NTIMP, Inc., 86 AD3d 301 (2d Dep't 2011); Brown v. Andreoli, 81 AD3d 498 (1st Dep't 2011). The action is therefore dismissed.
Accordingly, it is hereby
ORDERED that the motion [Mot. Seq. 1] of Plaintiff JHPDE FINANCE I, LLC. ("Plaintiff"), made pursuant to CPLR 3215, for an order granting Plaintiff default judgment as against Defendant KIMBERLA HARRIS ("Defendant") in the amount of $4,145.35 is denied; and it is further
ORDERED that the action is dismissed; and it is further
ORDERED that the Clerk shall enter judgment dismissing the complaint in its entirety; and it is further
ORDERED that the Clerk a shall mark the motion [Mot. Seq.1] decided and the action disposed in all court records; and it is further
ORDERED that Plaintiff shall serve a copy of this Decision/Order with notice of entry upon Defendant by first class mail by August 5, 2024; and upload proof of said service to NYSCEF by August 25, 2024.
The foregoing constitutes the Decision/Order of the court.
Dated: July 3, 2024
Bronx, New York
E N T E R,
HON. VERONICA G. HUMMEL, A. J.S.C.

Footnotes

Footnote 1:"The Uniform Rules have something special to say about default judgments arising out of consumer credit transactions. Additional requirements are required of plaintiffs seeking the entry of default judgments with the clerk involving consumer credit matters pending in the Supreme and County Courts, the Civil Court of the City of New York, the city courts outside of the City of New York, and the District Courts on Long Island, as set forth for the respective courts in Uniform Rules 202.27-a, 202.27-b, 208.6(h), 208.14-a, 210.14-a, 210.14-b, 212.14-a, and 212.14-b. Consumer Credit matters are defined in Uniform Rules 202.27-a(a)(1), 208.14-a(a)(1), 210.14-a(a)(1), and 212.14-a(a)(1).22 NYCRR 202.27-a(a)(1))." McKinney's Cons. Laws of New York Annotated, NYCPLR 3215, Commentary C3215:33.
Of import, however, is the fact that 22 NYCRR 202.27-a does not apply to motions for a default judgment under CPLR 3215(b) and Uniform Rule 202.5(d) as those actions are before the court. Id. 

Footnote 2:Although not at issue in this action, the Consumer Credit Fairness Act implemented another important change in law with the passage of CPLR 214-i. The statute of limitations for an action of breach of contract is six years. This limitations period is amended and shortened in lawsuits based on a consumer credit transaction by the Consumer Credit Fairness Act in CPLR 214-i which provides that "an action arising out of a consumer credit transaction where a purchaser, borrower or debtor is a defendant must be commenced within three years, except as provided in section two hundred thirteen-a of this article or article 2 of the uniform commercial code or article 36-B of the general business law. Notwithstanding any other provision of law, when the applicable limitations period expires, any subsequent payment toward, written or oral affirmation of or other activity on the debt does not revive or extend the limitations period".