Davis v Graham (2024 NY Slip Op 03879)

Davis v Graham

2024 NY Slip Op 03879

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-07853
 (Index No. 722638/20)

[*1]Kalimah Davis, appellant, 
v
Clinton Graham, et al., defendants.

Monteleone & Siegel, PLLC, Mineola, NY (Jarad L. Siegel of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered July 19, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant ABS Best Construction, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant ABS Best Construction, Inc., is granted.
The plaintiff commenced this action against, among others, the defendant ABS Best Construction, Inc. (hereinafter ABS), to recover damages for personal injuries. After ABS failed to appear or answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment against ABS. In an order entered July 19, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's motion, which was unopposed. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing" (Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable" (id.; see CPLR 3215[f]; Knudsen v Green Mach. Landscaping, Inc., 223 AD3d 792; Lugo v Corso, 215 AD3d 944).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against ABS. The complaint, which was verified by the plaintiff, alleged, among other things, that ABS was hired to perform repairs on the ceiling and/or roof of the subject premises prior to the plaintiff's accident, that ABS "launched an instrument of harm" by "negligently installing" a hazardous "ceiling and/or roof condition," and that the plaintiff was injured when the ceiling and/or roof collapsed and struck her while she was in the upstairs apartment of the subject premises. Contrary to the court's determination, the plaintiff satisfied her burden of submitting proof of the facts constituting her cause of action (see Curra v Brunswick Hosp. Center, Inc., 161 AD3d 1042; cf. Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d 450, 452; see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140).
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court