LCS Capital, LLC v Fernandez (2024 NY Slip Op 24296)

[*1]

LCS Capital, LLC v Fernandez

2024 NY Slip Op 24296

Decided on November 22, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 22, 2024
Supreme Court, Bronx County

LCS Capital, LLC, as assignee of SALLIE MAE BANK, Plaintiff,

against
Oscar R Fernandez, Defendants.

Index No. 804369/2023E

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all papers filed in NYSCEF regarding the motion [Mot. Seq. 1] of plaintiff LCS CAPITAL, LLC, as assignee of SALLIE MAE BANK ("Plaintiff"), pursuant to CPLR Section 3215, granting Plaintiff, a default judgment against Defendant(s), despite the passing of one year from the date of default.
This is an action for damages based on a debt allegedly accumulated by defendant OSCAR R FERNANDEZ ("Defendant") in the amount of $4,959.59, based on a Promissory Note for a Student Loan issued by SALLIE MAE BANK ("Sallie") to Defendant ("the Debt"). The last payment was made on or about August 12, 2020, in the amount of $72.75. Sallie sold the Debt to Plaintiff almost four years ago, on January 14, 2021.
The summons and complaint were filed two years later, on March 17, 2023. The complaint alleges a cause of action based on a consumer credit transaction. On this motion, Plaintiff seeks an order granting default judgment against Defendant. There is no opposition to the motion.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing. see CPLR 3215; Clarke v. Liberty Mut. Fire Ins. Co., 150 AD3d 1192 (2d Dep't 2017). To demonstrate the facts [*2]constituting the cause of action, the plaintiff needs to submit sufficient proof to enable a court to determine if the cause of action is viable. see Woodson v. Mendon Leasing Corp., 100 NY2d 62, 71 (2003). The court may consider the complaint, affidavits, and affirmations submitted by the plaintiff. Id.
Furthermore, pursuant to the Consumer Credit Fairness Act which became effective in May 2022, CPLR 3215 (f), was amended to include a provision that states that on any application for judgment by default in an action arising out of a consumer credit transaction"[FN1]
, if the plaintiff is not the original creditor, the applicant shall also include:
"(1) an affidavit by the original creditor of the facts constituting the debt, the default in payment, the sale or assignment of the debt, and the amount due at the time of sale or assignment;
(2) for each subsequent assignment or sale of the debt to another entity, an affidavit of sale of the debt by the debt seller, completed by the seller or assignor; and
(3) an affidavit of a witness of the plaintiff, which includes a chain of title of the debt, completed by the plaintiff or plaintiff's witness."
Of note, while CPLR R 3215 (j) was also amended by the Consumer Credit Fairness Act to require an additional affirmation of the non-expiration of the statute of limitations, the section only applies to requests for a default judgment to be entered by the clerk, and not by motion before a court, and is therefore inapplicable to this motion. Both amendments provided, however, that "the chief administrative judge shall issue form affidavits to satisfy the requirements of this subdivision for consumer credit transactions".
Moreover, in an action based on contract against an individual such as this case, Plaintiff must satisfy CPLR 3215 (g)(3). In relevant part, CPLR 3215 (g) (3) provides:
"3. (i) When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation, an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt . . .
(ii) The additional notice may be mailed simultaneously with or after service of the summons on the defendant. An affidavit of mailing pursuant to this paragraph shall be executed by the person mailing the notice and shall be filed with the judgment. Where there has been compliance with the requirements of this paragraph, failure of the defendant to receive the additional notice shall not preclude the entry of default jdgment.
As the proponent of an unopposed motion for default judgment a plaintiff also bears the burden of establishing, inter alia, that the defendant was properly served with the motion for default judgment. see CPLR 306; CPLR 3215[f]; CPLR 2103. The plaintiff must also aver that defendant is not on active military service.
In this case, Plaintiff served the pleadings on Defendant on March 28, 2023, by service on a person of suitable age and discretion and mailing a copy of the pleadings to Defendant's residence on March 31, 2023. Proof of service was filed on April 14, 2023. No answer has yet been filed.
As for the necessary additional service of a copy of the pleadings pursuant to CPLR 3215(g)(3), Plaintiff submits an affidavit of service which states that the additional mailing of a summons was completed on March 31, 2023.
In addition, Plaintiff submits an affidavit of non-military service, and an additional notice of lawsuit which was never served on the Defendant. Included on the motion also is an affidavit of fact by the debt buyer plaintiff, and an original creditor affidavit.
The motion for default judgment was filed on August 2, 2024, well over a year after the action was commenced. The motion for a default judgment was served on Defendant on August 1, 2024, by regular mail, and made returnable September 3, 2024. Defendant has not opposed the motion.
Based on the submissions, Plaintiff demonstrates that Defendant was served in the action and is in default. Plaintiff also shows that the necessary additional CPLR 3215(g) notice was provided, and that Defendant defaulted on the motion. Plaintiff further establishes the facts of the cause of action by the affidavits of merit and supporting documents such as the Promissory Note. The submitted affirmations also satisfy the requirements of CPLR 3212(f) concerning the chain of title of the debt.
However, there is an issue as to whether Plaintiff moved for a default judgment within the required timeframe. CPLR 3215(c). CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, in as much as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned. CIT Group/ Consumer Finance, Inc. v. Kaiser, 206 AD3d 791 (2d Dep't 2022).
The chronological order of the actions taken in the action shows that Defendant was served with the Summons and Complaint on March 28, 2023, and the affidavit of service was filed on April 4, 2023. Defendant was required to answer within 30 days after service was complete. CPLR 320(1). Pursuant to CPLR 308(2), service is complete 10 days after the filing of proof of service with the clerk of the court, which in this case was April 15, 2023. Defendant's answer was therefore due on May 15, 2023. Accordingly, Defendant was in default as of the end of May 2023 and the time file a motion for default judgment under CPLR 3215(b) expired at the [*3]end of May 2024.
This motion for default judgment was not filed, however, until August 2, 2024, approximately 3 months beyond the one-year deadline set forth in CPLR 3215( c). As the one-year period to move for default judgment passed, the motion is, in essence, untimely.
A plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed. The Court has interpreted this language as requiring a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious. U.S. Bank National Association v. Dickerson, 223 AD3d 930 (2d Dep't 2024).
On this issue, Plaintiff acknowledges that the motion was filed beyond the one-year deadline, but argues that:
"Plaintiff failed to enter judgment within one year of default due to a delay in obtaining the required Affirmation of Facts. The delay was in part caused by the fact the account was purchased by Plaintiff prior to the issuance and implementation of the new Affirmations requirements."
It is true that this case involves a consumer credit transaction as the term is defined in the Consumer Credit Fairness Act. 22 NYCRR 202.27-a(a)(1). Furthermore, the amendments to CPLR 3215(f) under the Act imposed additional affidavit requirements to outline the ownership history of the debt. The Act also provides that "the chief administrative judge shall issue form affidavits to satisfy the requirements" of the amendment of CPLR 3215(f), which applies here, and of the amendment of CPLR 3215(j) which is inapplicable to this motion.
Here, Plaintiff's reasoning that the failure was caused due to the delay in securing the Affirmation of Facts is without merit. The relevant amendments became effective in May 2022, and Plaintiff did not even file the action until March 2023, let alone move for a default judgment until August 2024. There was ample time for Plaintiff since 2022 to get familiar with the amendments and moreover to get appropriately prepared for all necessary documentation needed before filing the action, or even further, a period of two years since the amendment before moving on the motion for default judgment. Of note on the motion Plaintiff does not set forth any details as to the efforts made to obtain the relevant affirmation forms.
Therefore, Plaintiff fails to demonstrate a reasonable excuse for the failure to timely move for default judgment. Accordingly, the court finds that Plaintiff failed to move for the entry of judgment within one year after the default of Defendant and subsequently failed to provide any reasonable excuse for its untimeliness. See U.S. Bank National Association v. Dickerson, supra; Giglio v. NTIMP, Inc., 86 AD3d 301 (2d Dep't 2011); Brown v. Andreoli, 81 AD3d 498 (1st Dep't 2011). The action must therefore be dismissed.
Accordingly, it is hereby
ORDERED that the motion [Mot. Seq. 1] of Plaintiff LCS CAPITAL, LLC, as assignee of SALLIE MAE BANK ("Plaintiff"), made pursuant to CPLR 3215, for an order granting Plaintiff default judgment as against Defendant OSCAR R FERNANDEZ ("Defendant") in the amount of $4,959.59 is denied; and it is further
ORDERED that the action is dismissed; and it is further
ORDERED that the Clerk shall enter judgment dismissing the complaint in its entirety; and it is further
ORDERED that the Clerk a shall mark the motion [Mot. Seq.1] decided and the action disposed in all court records; and it is further
ORDERED that Plaintiff shall serve a copy of this Decision/Order with notice of entry upon Defendant by first class and overnight mail by December 31, 2024; and upload proof of said service to NYSCEF by January 15, 2024.
The foregoing constitutes the Decision/Order of the court.
Dated: November 22, 2024
Bronx, New York
E N T E R,
HON. VERONICA G. HUMMEL, A. J.S.C.

Footnotes

Footnote 1: This action involves a "consumer credit transaction" as the term is defined in the Consumer Credit Fairness Act "The Uniform Rules have something special to say about default judgments arising out of consumer credit transactions. Additional requirements are required of plaintiffs seeking the entry of default judgments with the clerk involving consumer credit matters pending in the Supreme and County Courts, the Civil Court of the City of New York, the city courts outside of the City of New York, and the District Courts on Long Island, as set forth for the respective courts in Uniform Rules 202.27-a, 202.27-b, 208.6(h), 208.14-a, 210.14-a, 210.14-b, 212.14-a, and 212.14-b. Consumer Credit matters are defined in Uniform Rules 202.27-a(a)(1), 208.14-a(a)(1), 210.14-a(a)(1), and 212.14-a(a)(1).22 NYCRR 202.27-a(a)(1))" McKinney's Cons. Laws of New York Annotated, NYCPLR 3215, Commentary C3215:33. 22 NYCRR 202.27-a however does not apply to motions for a default judgment under CPLR 3215(b) and Uniform Rule 202.5(d) before the court. Id.