Weaver v Hatem (2025 NY Slip Op 04933)

Weaver v Hatem

2025 NY Slip Op 04933

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-07446
 (Index No. 65564/19)

[*1]Everette Weaver, appellant, 
v
Albert A. Hatem, etc., et al., defendants.

Everette Weaver, Hopewell Junction, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Civil Rights Law §§ 50 and 51 and negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated July 7, 2023. The order denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Marlene Dennis.
ORDERED that the order is affirmed, without costs or disbursements.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Weaver v Hatem, _____ AD3d _____ [Appellate Division Docket No. 2020-08287; decided herewith]). In 2019, the plaintiff commenced this action against, among others, the defendant Marlene Dennis alleging, inter alia, violations of Civil Rights Law §§ 50 and 51, arising out of the submission of an affidavit of Dennis and photographs of the plaintiff and his vehicle's license plate as an attachment to an order to show cause in a separate action, which was commenced in the Supreme Court, Bronx County. When Dennis failed to answer the complaint, the plaintiff moved, among other things, for leave to enter a default judgment against her. In an order dated July 7, 2023, the Supreme Court denied that branch of the plaintiff's motion. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing" (Davis v Graham, 229 AD3d 683, 683-684 [internal quotation marks omitted]; see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable" (Knudsen v Green Mach. Landscaping, Inc., 223 AD3d 792, 793 [internal quotation marks omitted]). A court does not have a "mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (B & H Flooring, LLC v Folger, 228 AD3d 809, 812 [internal quotation marks omitted]; see Barbetta v NY Auto Find, Inc., 221 AD3d 851, 853).
Civil Rights Law § 50 makes it a misdemeanor to "use a living person's name, portrait or picture for advertising or trade purposes without having first obtained the written consent of such person" (Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 119 [internal quotation marks omitted]; see DiMauro v Advance Publs., Inc., 190 AD3d 942, 945). Civil Rights Law § 51 makes a violation of Civil Rights Law § 50 actionable in a civil suit (see Lohan v Take-Two [*2]Interactive Software, Inc., 31 NY3d at 119). Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Dennis, as the plaintiff failed to satisfy his initial burden of submitting proof of sufficient facts to enable the court to determine that the causes of action asserted against Dennis were viable (see B & H Flooring, LLC v Folger, 228 AD3d at 812; Barbetta v NY Auto Find, Inc., 221 AD3d at 853).
The plaintiff's remaining contention is without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court