## Byzfunder NY LLC v J&M Plumbing Servs., LLC

2026 NY Slip Op 31061(U)

March 20, 2026

Supreme Court, Rockland County

Docket Number: Index No. 034489/2024

Judge: Djinsad Desir

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

To commence the statutory time period for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this Order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------X
BYZFUNDER NY LLC D/B/A BYZFUNDER,

                          Plaintiff,

            -against-

J&M PLUMBING SERVICES, LLC D/B/A BLUE
FROG PLUMBING AND DRAIN OF SLC and JOSHUA
JOHN GREENE,

                          Defendants.
------------------------------------------------------------------------X

**DECISION AND ORDER**

Index No. 034489/2024
Motion Seq. No. 001

**HON. DJINSAD DESIR, A.J.S.C.**

The papers filed electronically via NYSCEF numbered 28-35 were read and considered herein. Upon such reading and consideration, Motion Sequence No. 001 is disposed as follows:

**Background**

This action was commenced by the filing of a summons and complaint on July 24, 2024, stemming from defendants' alleged failure to tender a percentage of defendant J&M Plumbing Services LLC d/b/a Blue Frog Plumbing and Drain of SLC's (J&M) receivables in accordance with the parties' revenue purchase agreement (Agreement). Defendant Joshua John Greene agreed to guarantee all amounts owed by J&M to plaintiff. J&M purportedly remitted a sum of $6,673.36 but thereafter ceased payment, leaving a balance of $43,376.64, plus interest, and an NSF fee of $150, a default fee of $2,500 and attorneys' fees in the amount of $13,012.99.

On December 29, 2024, Greene filed for bankruptcy, automatically staying this action (NYSCEF 25, Notice of Bankruptcy). On July 3, 2025, plaintiff filed this motion for a default judgment against defendants (NYSCEF 28, Notice of Motion). Upon assignment of this matter, the Court inquired as to the status of the bankruptcy. Plaintiff's counsel informed the Court that Greene's bankruptcy concluded and was discharged in April

1

[* 1]

2025 (NYSCEF 39, Letter to the Court). Counsel requested permission to proceed with the action against J&M (*id.*) The Court lifted the stay (NYSCEF 40, Order), which technically extinguished in April 2025, and will now consider this motion for default against J&M, which to date, has failed to appear in this action.

**Discussion**

CPLR 3215(a) states, in pertinent part, "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." "On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing (*Clarke v Liberty Mut. Fire Ins. Co.*, 150 AD3d 1192, 1194 [2d Dept 2017] [citations omitted]). Plaintiff has established that a default judgment against J&M is appropriate here.

Proof of Service

Pursuant to the Agreement, J&M agreed to service of pleading in any proceeding commenced by plaintiff via certified or registered mail to the address listed in the Agreement (NYSCEF 31, Agreement ¶ 4.6). Plaintiff submits proof that the summons and complaint was mailed, via certified mail, to J&M's listed address (NYSCEF 33, Aff of Service). Plaintiff also complied with the additional mailing requirement of CPLR 3215 (g) (4) (NYSCEF 34, Aff of Additional Mailing).

Proof of Facts

CPLR 3215(f) requires that an applicant for a default judgment submit "proof of the facts constituting the claim," e.g. plaintiff's affidavit or a verified complaint (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003] [citation omitted]). "Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action. The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994] [citations omitted]).

Here, plaintiff submits the affirmation of Marshall Rosenblum, a manager of plaintiff, which demonstrates proof of facts constituting plaintiff's claim for breach of the Agreement and the Agreement at issue (*Clarke v Liberty Mutual Fire Ins.*, 150 AD3d 1192 [2nd Dept. 2017]). Rosenblum affirms the parties entered into the Agreement, plaintiff performed under the Agreement, J&M breached the Agreement by failing to remit all amounts owed, and as a result, plaintiff was damaged (NYSCEF 30, Rosenblum Aff; *Dee v Rakower*, 112 AD3d 204, 208-209 [2d Dept 2013] ["The essential elements for pleading a cause of action to recover damages for breach of contract are the existence

2

[* 2]

of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (citations omitted)]).

Pursuant to the Agreement, plaintiff is entitled to reasonable attorneys' fees in the amount of 30% of the Purchased Amount of $50,050.00 (NYSCEF 31, Agreement ¶ 3.3), an NFS fee (*id.*, Appendix A), and a default fee (*id.*)  However, the default fee is an unenforceable penalty, which plaintiff is not entitled to.

"A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation. If, however, the amount of actual damages that would be suffered upon a breach is readily ascertainable when the contract is entered, or the amount fixed as liquidated damages is conspicuously disproportionate to the foreseeable losses, the liquidated damages provision is unenforceable as a penalty" (*Byzfunder NY LLC v Holy City Collision LLC*, 80 Misc 3d 1208[A], 2023 NY Slip Op 50941[U], *1 [Sup Ct, Ontario County 2023] [internal quotation marks and citations omitted]).

<u>Proof of Default</u>

Plaintiff's counsel attests that J&M is in default, having failed to answer or otherwise appear (NYSCEF 29, Bouskila aff ¶ 20).

Accordingly, it is

ORDERED that plaintiff's unopposed motion for a default judgment is granted, in part, to the extent that plaintiff is entitled to the award sought except the default fee; and the Clerk is directed to award plaintiff judgment against defendant J&M Plumbing Services LLC d/b/a Blue Frog Plumbing and Drain of SLC in the amount of $43,376.64, plus pre-judgment interest at 9% from July 12, 2024, until the date of the decision on this motion, and thereafter at the statutory rate, as calculated by the Clerk, for a sum of $_____, plus attorneys' fees in the amount of $13,012.99 and an NSF fee of $150 together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs for a total amount of $_____.

Dated: March 20, 2026
New City, New York

ENTER:

_____
Hon. Djinsad Desir, A.J.S.C

3

[* 3]